UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY CASIANO,

        Plaintiff,

-against-

PAMELA S. ROTH,

        Defendant.

19-CV-3969 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently incarcerated at Manhattan Detention Complex, brings this *pro se* action under 42 U.S.C. § 1983, alleging that his criminal defense lawyer violated his constitutional rights. By order dated May 6, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth in this order, the Court dismisses the complaint for lack of subject matter jurisdiction, with 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint: Plaintiff sues his criminal defense lawyer, with whom he claims he shared intimate photographs on a smartphone application. Unrelatedly, he asserts that she "told" him to plead guilty because she wanted to file on his behalf an excessive-force claim against the New York City Police Department (NYPD). (Compl. at 5.) Plaintiff agreed to plead guilty, but his lawyer never filed the civil action.[2] He now seeks money damages and an "investigat[ion]." (*Id.*)

## DISCUSSION

**A.  The Court does not have subject matter jurisdiction over Plaintiff's claims against his lawyer**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

---

[2] Plaintiff, representing himself, filed a civil action, seeking to suppress evidence in one of his criminal cases. *See Casiano v. City of New York*, No. 19-CV-3968 (S.D.N.Y., filed on May 1, 2019). In that case, he asserts that police officers confiscated his cellphone. It is not clear whether Plaintiff intends to pursue an action against the officers who he claims assaulted him. Because this action concerns legal-malpractice claims against Plaintiff's lawyer, the Court declines to construe the matter as asserting excessive-force claims against NYPD officers.

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### 1. This case does not involve a federal question

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Although Plaintiff alleges that his lawyer violated his constitutional rights, private parties generally are not liable under 42 U.S.C. § 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Rather, a claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v.*

3

*S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Defendant Roth is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against her under § 1983.

### 2. This case does not satisfy the requirements under the diversity of citizenship statute

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff states that both he and Defendant reside in New York, precluding complete diversity of citizenship.

### 3. Leave to replead claims under § 1332

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court has concluded that it does not have subject matter jurisdiction over this complaint, but

4

because it is unclear that it would be futile to grant Plaintiff leave to replead, the Court grants Plaintiff leave to assert any fact suggesting that the Court has jurisdiction over this action under the diversity statute.

**B.      The Court declines to construe this complaint as brought under 28 U.S.C. § 2254**

Plaintiff's claim that his lawyer induced him to plead guilty is a ground for relief properly raised in a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement); *see generally Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) ("A defendant in criminal proceedings has a right under the Sixth Amendment to effective assistance from his attorney at all critical stages in the proceedings, which include entry of a plea of guilty.") (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To the extent Plaintiff is challenging his state court judgment of conviction, he must first exhaust all available state court remedies. To exhaust his claims for purpose of *habeas corpus* review, he must file a notice of appeal and then wait for the Appellate Division to decide the outcome of his appeal. If he is adversely affected by that court's decision, he must seek leave to appeal to the New York Court of Appeals, the highest state court. N.Y. Crim. P. L. § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If Plaintiff later files any N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must completely exhaust the claims in those motions by seeking leave to appeal to the Appellate Division, and the Court of Appeals. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

The Court declines to construe the petition as brought under § 2254, as Plaintiff does not indicate that he exhausted his state court remedies or has even been sentenced. Should Plaintiff exhaust all his available state court remedies, he may then file a § 2254 petition in this Court.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, with 30 days' leave to replead. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:  May 21, 2019
    New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.